UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., <br><br> Plaintiff, <br><br> v. <br><br> DON TARANTINO, et al., <br><br> Defendants. | Case No. 20-cv-05505-EMC (LB) <br><br> **DISCOVERY ORDER** <br><br> Re: ECF No. 46 |

    Plaintiff Author J. Gallagher & Co. is an insurance-brokerage firm that obtains insurance policies for its clients from third-party insurance companies. A competitor, Alliant Insurance, hired 15 Gallagher employees, including the four defendants. Gallagher alleged that the defendants stole internal documents containing its trade secrets. It thus sued them for trade-secrets misappropriation in violation of 18 U.S.C § 1832 and Cal. Civ. Code § 3426, among other claims.[1]

    The parties disputed whether Gallagher identified its trade secrets with the reasonable particularity required by California's Uniform Trade Secrets Act (CUTSA), Cal. Civ. Proc. §

---

[1] Second Am. Compl. (SAC) – ECF No. 40 at 2 (¶ 8), 12–20 (¶¶ 46–94); Joint Case-Management Statement – ECF No. 35 at 3. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 20-cv-05505-EMC (LB)

2019.210.[2] At the March 25, 2021 discovery hearing, the parties worked out the following compromise.

Gallagher disclosed three categories of trade secrets. But as it turned out, all categories are about Gallagher's compilations about current and former customers (roughly 350 to 375 customers) in the form of customer contact lists and customer information that is not available publicly. The parties agreed at the hearing that this would serve as a sufficient identification of the trade secrets at issue. Given that the landscape of discovery is limited to those customers (and as discussed at the hearing), this takes care of any concern that the disclosure is so broad that it prevents the defendants from effectively defending against the charges of trade-secret misappropriation. It also avoids the defendants' concern that Gallagher's discovery will be a means to obtain Alliant's trade secrets. *Advanced Modular Sputtering, Inc. v. Super. Ct.*, 132 Cal. App. 4th 826, 833–34 (2005) (the purposes of § 2019.210 include (1) promoting well-investigated claims and dissuading meritless ones, (2) preventing plaintiffs from using the discovery process as a means to obtain the defendant's trade secrets, (3) assisting the court in managing the discovery process, and (4) enabling defendants to form well-reasoned defenses and ensuring that they need not wait until the eve of trial effectively defend against charges of trade secret misappropriation).

This resolves the dispute at ECF No. 46. Attached is the court's order describing the court's procedures for addressing future discovery disputes.

**IT IS SO ORDERED.**

Dated: March 25, 2021

_____
LAUREL BEELER
United States Magistrate Judge

---

[2] Discovery Letter – ECF No. 46; Referral Order – ECF No. 47 (referring discovery disputes).