RILEY SAFER HOLMES & CANCILA LLP
Ronald S. Safer (admitted *pro hac vice*)
Harnaik Kahlon (admitted *pro hac vice*)
Meghan R. McMeel (SBN 284841)
456 Montgomery Street, 16th Floor
San Francisco, CA 94104
Telephone:   415-275-8550
Facsimile:   415-275-8551
rsafer@rshc-law.com
nkahlon@rshc-law.com
mmcmeel@rshc-law.com

HOLLAND & KNIGHT LLP
Sarah A. Marsey (SBN 297911)
Alex Hadduck (SBN 312962)
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone:   415-743-6900
Facsimile:   415-743-6910
sarah.marsey@hklaw.com
alex.hadduck@hklaw.com

Attorneys for Plaintiff
ARTHUR J. GALLAGHER & CO.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DON TARANTINO, an individual, BERNADETTE HEATER, an individual, MICHAEL MACHETTE, an individual, and SPENCER BRUSH, an individual,<br><br>Defendants. | CASE NO.: 20-cv-05505-EMC<br><br>**GALLAGHER'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CERTAIN PORTIONS OF ITS OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO CONSIDER WHETHER OTHERS' MATERIAL SHOULD BE SEALED**<br><br>Hearing:  n/a (L.R. 7-11(c))<br>Judge:    Judge Edward M. Chen |

GALLAGHER'S AMFUS CERTAIN PORTIONS OF ITS OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO CONSIDER WHETHER OTHERS' MATERIALS SHOULD BE SEALED

Case No.: 3:20-CV-05505-EMC

Pursuant to Civil Local Rules 7-11 and 79-5 and the Stipulated Protective Order ("SPO") entered in this case (ECF No. 60), Plaintiff Arthur J. Gallagher & Co. ("Gallagher") files this administrative motion to seal certain portions of Gallagher's Opposition to Defendants' Motion for Partial Summary Judgment ("Opposition"), which is being filled concurrently herewith, and also files this motion to consider whether Defendants' materials should be sealed.

## I. GALLAGHER'S MOTION TO SEAL SHOULD BE GRANTED BECAUSE COMPELLING REASONS FOR SEALING EXIST.

For dispositive motions, the Ninth Circuit applies the "compelling reasons" test to determine whether a party is entitled to file certain documents under seal for potentially dispositive motions. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (citation omitted); *see also Delfino Green & Green v. Workers Comp. Sols., LLC*, No. 15-cv-2302, 2015 WL 4235356, at *1-2 (N.D. Cal. July 13, 2015) (citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006)).

A compelling reason to seal information exists where "court files might have become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th Cir. 2008) (internal quotation and citation omitted); *see also Ctr. for Auto Safety*, 809 F.3d at 1097 ("Examples [of a compelling reason to seal] include when a court record might be used . . . 'as sources of business information that might harm a litigant's competitive standing.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)). For purposes of sealing, the courts broadly construe a "trade secret" to include "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x at 569-70 (quoting Restatement (First) of Torts § 757 (1939), cmt. b)).

Similarly, a compelling reason to seal often exists when the information that is vital to a business's success such as "internal review process[es]" and "sensitive information" are regularly sealed by the courts. *See Opperman v. Path, Inc.*, No. 13-cv-0453, 2017 WL 1036652, at *3 (N.D.

1

GALLAGHER'S AMFUS CERTAIN PORTIONS OF ITS OPPOSITION TO
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND
MOTION TO CONSIDER WHETHER OTHERS' MATERIALS SHOULD BE SEALED

Case No.: 3:20-CV-05505-EMC

Cal. Mar. 17, 2017) (finding compelling reasons to seal "confidential information about Twitter's products, proposed features, design concepts, and internal review processes that constitute trade secrets"); *see also Adtrader, Inc. v. Google LLC*, 2020 WL 6395528, at *2 (N.D. Cal. Fab. 11, 2020) (sealing documents regarding "internal policies, priorities, and strategic communications" that "could cause competitive harm by providing insight into Google's strategic and financial decisions, and by revealing to competitors the capabilities of Google's systems").

Gallagher respectfully requests this Court to seal various documents and portions of documents containing Gallagher's confidential, proprietary, non-public information that has been designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" by Gallagher pursuant to the SPO, as set forth in the Declaration of Riley Binford in Support of: (1) Gallagher's Opposition to Defendants' Motion for Partial Summary Judgment; and (2) Gallagher's Administrative Motion to File Under Seal Certain Portions of that Opposition ("Binford Decl.") and the Proposed Order filed herewith.

As detailed in the Binford Declaration the information Gallagher seeks to seal is either: (1) highly sensitive and confidential information that Gallagher protects as a trade secret; or (2) Gallagher's internal strategic business policies and financial decision-making documents, including sensitive financial information and the confidential information of non-party clients and Gallagher employees. (Binford Decl. ¶¶ 2-5.) Gallagher's sensitive, confidential, and trade secret information is precisely the type of proprietary information typically sealed by courts. *See Prescott v. Reckitt Benckiser LLC*, 2022 WL 847309, at *4 (N.D. Cal. Mar. 22, 2022) ("internal business strategies, competitive analyses, trade secrets, product development plans, and financial information" are "an appropriate subject for sealing"); *see also Oracle USA, Inc. v. SAP AG*, No. 07-cv-1658, 2009 U.S. Dist. LEXIS 71365, at *4-5 (N.D. Cal. Aug. 13, 2009) (granting motion to seal where moving party "considered and treated the information contained in the subject documents as confidential, commercially sensitive and proprietary" and where "public disclosure of such information would create a risk of significant competitive injury and particularized harm and prejudice . . .") (citation omitted). A compelling reason to seal this information exists because Gallagher would suffer

2

GALLAGHER'S AMFUS CERTAIN PORTIONS OF ITS OPPOSITION TO
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT  AND
MOTION TO CONSIDER WHETHER OTHERS' MATERIALS SHOULD BE SEALED

Case No.: 3:20-CV-05505-EMC

serious competitive harm if this information were publicly disclosed because it is the type of information that allows its competitors to efficiently poach clients from Gallagher. (Binford Decl. ¶¶ 3, 5.) The fact that Defendants took this information and used it to poach clients from Gallagher is at the very heart of this dispute, and allowing further dissemination of this material could only further embolden competitors to continue poaching Gallagher's remaining clients.

Gallagher's internal communications, decision-making, and finances, including sensitive internal accounting practices and the confidential information of non-party clients and Gallagher's employees, evidence highly confidential business information and are likewise proper for sealing. *Rodman v. Safeway Inc.*, No. 11-cv-3003, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (sealing "internal, nonpublic information discussing [the defendant's] pricing strategy, business decisionmaking [sic], and financial records, which would expose [the defendant] to competitive harm if disclosed"). A compelling reasons exist to seal Gallagher's confidential customer and employee information because Gallagher's ability to maintain the confidentiality of its clients' and employee' private information is vital to its commercial success. *See Opperman*, 2017 WL 1036652, at *4 ("the privacy interests of non-parties provide[s a] compelling reason[n] to seal"). This includes Gallagher's clients' financial information and information related to their business operations and assets, because public disclosure would allow competitors access to this sensitive, non-public information and would undermine the trust clients have in Gallagher and its products. (Binford Decl. ¶ 5.)

The sealing Gallagher proposes is narrowly tailored because Gallagher only seeks to redact the information that would harm Gallagher or non-parties by public disclosure, and similarly only proposes fully sealing exhibits where all or substantially all of the exhibit comprises the type of sealable information described in this Motion and in the Binford Declaration. (*See* Proposed Order, filled concurrently.) The Opposition itself contains minimal redactions of information that Defendants or other third parties have designated as confidential or highly confidential.

Based on the above and the reasons set forth in the Binford Declaration, Gallagher attaches its full and unredacted Opposition and exhibits to this Motion, with narrowly redacted/sealed

3

GALLAGHER'S AMFUS CERTAIN PORTIONS OF ITS OPPOSITION TO
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND
MOTION TO CONSIDER WHETHER OTHERS' MATERIALS SHOULD BE SEALED

Case No.: 3:20-CV-05505-EMC

versions filed publicly as required by Local Rules 79-5(d) & (e).  Gallagher respectfully requests that the information set forth in the Proposed Order remain sealed for the reasons discussed herein and in the Binford Declaration.

## II. GALLAGHER'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL BE SEALED

Pursuant to Local Rule 79-5(f), Gallagher hereby moves for consideration of whether Defendants' and non-parties' materials should be filed under seal.

Gallagher filed the following exhibits to its Opposition under seal because they were designated by the Defendants, non-party Alliant Insurance Services, Inc. ("Alliant"), or other non-parties as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" ("AEO") when they were produced to Gallagher in this case pursuant to subpoenas:

| Exhibit | Designating Party | Designation Level |
|---|---|---|
| Exhibit 9 | Alliant | AEO |
| Exhibit 26 | Machette | Confidential |
| Exhibit 27 | Tarantino | Confidential |
| Exhibit 36 | Alliant | Confidential |
| Exhibit 39 | Alliant | Confidential |
| Exhibit 42 | Alliant | Confidential |
| Exhibit 47 | Alliant | Confidential |
| Exhibit 48 | Alliant | Confidential |
| Exhibit 49 | Basic American Foods | AEO |
| Exhibit 78 | Kaye Bassman | AEO |
| Exhibit 79 | Kaye Bassman | AEO |
| Exhibit 83 | Tarantino | AEO |
| Exhibit 84 | Tarantino | Confidential |
| Opposition 7:17-19 | Alliant & Tarantino | Confidential |

4

GALLAGHER'S AMFUS CERTAIN PORTIONS OF ITS OPPOSITION TO
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT  AND
MOTION TO CONSIDER WHETHER OTHERS' MATERIALS SHOULD BE SEALED

Case No.: 3:20-CV-05505-EMC

| Opposition 8:4-5 | Tarantino | Confidential |
|---|---|---|
| Opposition 14:14-18 | Alliant | AEO/Confidential |
| Opposition 14 fn. 73 | Alliant | AEO/Confidential |
| Opposition 14 fn. 74 | Alliant | Confidential |

Gallagher understands that the above parties, under Local Rule 79-5(f)(3), within seven days of the filing of this motion, must file a statement under Local Rule 97-5(c) justifying their designations of the above-referenced exhibits.

Dated: April 7, 2022

By: _____/s/ Meghan R. McMeel_____

RILEY SAFER HOLMES & CANCILA LLP
Ronald S. Safer (admitted *pro hac vice*)
Harnaik Kahlon (admitted *pro hac vice*)
Meghan R. McMeel (SBN 284841)

HOLLAND & KNIGHT LLP
Sarah A. Marsey (SBN 297911)
Alex Hadduck (SBN 312962)

Attorneys for Plaintiff
ARTHUR J. GALLAGHER & CO.

5

GALLAGHER'S AMFUS CERTAIN PORTIONS OF ITS OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO CONSIDER WHETHER OTHERS' MATERIALS SHOULD BE SEALED

Case No.: 3:20-CV-05505-EMC