**MORGAN, LEWIS & BOCKIUS LLP**
Debra L. Fischer, Bar No. 142516
Seth M. Gerber, Bar No. 202813
2049 Century Park East, Suite 700
Los Angeles, California 90067
Phone: +1.310.907.1000
Fax:      +1.310.907.1001
*debra.fischer@morganlewis.com*
*seth.gerber@morganlewis.com*

**MORGAN, LEWIS & BOCKIUS LLP**
Robert A. Lewis, Bar No. 83630
One Market, Spear Street Tower
San Francisco, CA  94105
Phone: +1.415.442.1353
Fax:      +1.415.442.1001
*robert.lewis@morganlewis.com*

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Arthur J. Gallagher & Co.,<br><br>  Plaintiff,<br>v.<br><br>Don Tarantino, an individual; Bernadette Heater, an individual; Michael Machette, an individual; Spencer Brush, an individual,<br><br>  Defendants. | Case No. 3:20-cv-05505 EMC<br><br>**Defendants' Opposition to Gallagher's Administrative Motion To Continue Trial Date And Related Deadlines**<br><br>[Supporting Declaration of Seth M. Gerber filed concurrently herewith]<br><br>Trial:   August 1, 2022<br>Time:  1:30 p.m.<br>Ctrm:   5 (Hon. Edward M. Chen)<br><br>Complaint Filed: August 7, 2020 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Defendants' Opposition to Administrative Motion to Continue Trial Date

## I. Introduction

This nearly two-year-old case should proceed to trial on August 1, 2022. Gallagher's excuse for a continuance is meritless. Gallagher complains about recently produced "remediation" documents—materials possibly relating to Gallagher that were removed from Defendants' electronic devices and email accounts when they began work at Alliant as a belt-and-suspenders precaution—that Gallagher says it must now review. But: (1) the existence of remediation work was disclosed in Defendants' initial disclosures long ago in October 2020; (2) Gallagher never sought the remediation documents in discovery until January 2022; (3) Defendants no longer possessed or had access to the remediated documents once they became employed by Alliant; and (4) Gallagher fails to demonstrate any reason it needs to review any (much less all) of the remediation documents since they could not have been used by Defendants at Alliant and are generally commercially stale.

Moreover, the existing schedule allows Gallagher time to review remediation documents and take follow-up discovery, if that is even necessary, and Defendants have agreed to allow such discovery. Another delay would unfairly prejudice Defendants by extending Gallagher's use of this litigation to scare away business from Defendants and prolong the clouds on their professional reputations. Defendants urge the Court to retain the existing trial date and order the parties to confer about revisions to the pretrial disclosure schedule to accommodate any legitimate discovery concerning remediation. If the Court is inclined to consider a continuance, Defendants respectfully request oral argument.

## II. Defendants Remediated Upon Starting at Alliant.

Counsel for Defendants engaged computer forensics consultant UnitedLex (formerly Blackstone Discovery) to locate and remove Gallagher work-related information from their personal devices and accounts. Jermaine Amador did the remediation work for UnitedLex. During July 2020, as part of joining Alliant, each Defendant gave Amador access to their personal devices and email accounts. Amador made a preservation image

of the devices/accounts using a forensics imaging tool, searched the preservation image to locate files to be removed, and searched email accounts for any to/from emails with an address ending with "@ajg.com." In consultation with Defendants' counsel, Amador permanently removed files containing Gallagher work-related information and made a post-removal image to verify the removed files were no longer present. Amador also performed a few follow-up remediations. Once the remediations were completed, Defendants did not possess and had no access to the Gallagher work-related information that previously had been on their personal devices or email accounts.

### III. Defendants Have Provided Discovery Regarding Remediation.

Gallagher's assertions that it first learned of forensics procedures in 2022 is demonstrably *false*. Defendants' Initial Disclosures, served on *October 30, 2020*, identified Amador as a person "likely to have discoverable information regarding forensic inspection and analysis of electronic devices and accounts of certain of the former Gallagher employees that joined Alliant's Northern California offices in July 2020."[1]

Gallagher served its first production requests in April 2021, which did not ask for documents about Gallagher's trade secrets claims. Although not requested by Gallagher, UnitedLex, on July 16, 2021, *voluntarily* produced remediated documents (identified with a "REM" prefix).[2]

Gallagher did not serve any interrogatories until *January 25, 2022*. Those interrogatories asked about remediation, and Defendants provided full answers on February 24. Gallagher also served 19 RFAs concerning remediation to which Defendants responded on February 24.

During a February 25, 2022 conferral, Defendants' and UnitedLex's counsel

---

[1] Defendants' Rule 26(a)(1) Initial Disclosures at 19, Ex. 1. The disclosures inadvertently identified Amador as an Alliant employee; this was corrected via email.

[2] This production included 93 remediated pages for Brush, 840 pages for Heater, 154 pages for Machette, and 64 pages for Tarantino. Also, on February 24, 2022, United Lex produced additional remediation documents for Heater, Machette, and Tarantino. On March 7, an additional remediation file was produced for Heater.

explained in detail the remediation process and offered to provide a complete file listing of all personal devices and email accounts remediated. In the process of preparing those file listings in March, counsel learned UnitedLex had produced in July 2021 only the emails remediated from Defendants' personal email accounts and had inadvertently failed to produce copies of the other remediated files. While UnitedLex then intended to produce these additional files by March 4, the production was delayed because the attorney handling the remediation production took bereavement leave. On March 18, UnitedLex produced file listings showing the files that were (and were not) remediated. On March 23, UnitedLex produced native copies of the files remediated in July 2020 from Brush's personal USBs, Tarantino's personal iMac and external drive, and Heater's personal computer. Approximately 85% of the materials in that production are commercially stale—*i.e.*, they predate Defendants' resignations from Gallagher by more than two years.

Despite Defendants' repeated disclosures of the UnitedLex remediation work in initial disclosures (served in October 2020), the July 2021 and subsequent productions, January 2022 emails, discovery responses, and conferrals, Gallagher waited until March 24, 2022—well after the cutoff for noticing depositions—to first attempt to serve deposition subpoenas on UnitedLex and Amador. Instead of objecting to the subpoenas as untimely, Defendants offered to let the depositions proceed and Amador and UnitedLex agreed to appear for depositions on April 7.[3] During the April 5 conferral, Gallagher rejected this offer.

## IV. Gallagher Has No Grounds for a Continuance.

Gallagher asserts it has "diligently pursued the claims of the case." That is, at best, inaccurate. Gallagher's document production has been glacially slow. Defendants served their first production requests in April 2021 and a second set in September 2021. The

---

[3] Defendants reciprocally sought to depose Bret VanderVoort, who possesses highly relevant information regarding Gallagher's efforts to retain clients after producers resign and whose significance to the case was only revealed in late productions by Gallagher. *See* 3.28.22 & 4.1.22 Wagmeister Emails, Ex. 2.

parties began conferring about Gallagher's production in August 2021. In August 2021, Gallagher assured Defendants its production would "be complete ***before the end of August [2021]***."[4] Gallagher did not come close to meeting its own commitment. Gallagher then represented its production would be "substantially complete" by the end of 2021.[5] That didn't happen, either. In fact, Gallagher produced most of its documents in 2022. During 2021, Gallagher produced 3,741 documents (18,786 pages). Since January 7, 2022, Gallagher has made 14 productions totaling 8,701 documents (33,466 pages). Several of these productions were made just before a deposition. One was made ***during*** the deposition of a Gallagher witness after questioning revealed the existence of the unproduced, material documents.

Getting deposition dates from Gallagher has also been frustrating. Defendants served a Rule 30(b)(6) notice on February 18, 2022. Nearly two months later, that deposition has still not yet occurred because Gallagher has been slow to offer available dates for the deposition despite repeated requests.

Defendants also recently learned Gallagher did not circulate a document retention notice until ***December 2021*** for a key witness, and that a Gallagher employee destroyed boxes of documents Defendants returned to Gallagher shortly after resigning in July 2020.

Obviously, Gallagher's destruction of evidence and glacial dribbling out of discovery has been problematic, but Defendants believe the August 1 trial date is realistic.

## V. Gallagher Will Not Be Prejudiced by the August 1 Trial Date.

Gallagher argues a continuance is necessary to give it time to take further discovery regarding remediation. Defendants question whether any substantial remediation discovery is really necessary. In any event, the current schedule allows ample time for it. Trial is four months away. During an April 5 conferral, Defendants agreed to allow

---

[4] 8.16.21 Hadduck Email (last paragraph), Ex. 3.

[5] *See, e.g.*, 12.8.21 Marsey Email (first paragraph), Ex. 4 (noting "Gallagher is working towards its final production to be completed this month, at which point our document production should be substantially complete and responsive to our conferrals thus far.").

Gallagher additional time with already deposed witnesses regarding remediation if needed; to allow depositions of UnitedLex and Amador; and to extend expert discovery—***even though Gallagher failed to submit any forensic expert disclosure regarding remediation discovery.***[6] In light of these offers, the available time between now and trial, and the narrow subject of the discovery (*i.e.*, remediation), there is no reason to continue the trial date at all, let alone for months.

Furthermore, Gallagher's assertion it needs two months to review the remediated documents—the majority of which are years old—is unsupported. Even if Gallagher could explain why it needs to review materials removed from Defendants' personal devices and to which they had no access, Gallagher is represented by multiple law firms and has access to resources to conduct any prompt review of its choosing and take follow up depositions, should they be needed, before trial commences on August 1.

## VI. Delay Would Prejudice Defendants.

The four Defendants are individuals who have been unjustifiably sued and want to clear their names of Gallagher's allegations. Defendants also have been burdened by the litigation, both in their work and personal lives, and want to get the case behind them. Any delay will prejudice them.

Further, a continuance would likely have to be for more than two months given the conflicts of Defendants' lead trial counsel. Co-lead trial counsel Debra Fischer currently has trials scheduled for August 30, 2022; September 21, 2022; January 3, 2023; and January 27, 2023. Co-lead trial counsel Seth M. Gerber currently has trials scheduled for June 27, 2022; August 30, 2022; September 21, 2022; January 3, 2023; and January 9, 2023. Mr. Gerber also is to be married on August 13, 2022.

---

[6] Defendants offered to allow expert discovery concerning remediation despite Gallagher's failure to submit an expert report on forensics/remediation by the March 31, 2022 deadline, or serve a placeholder document, or flag the issue in any way, and despite the initial disclosures served in 2020, emails in January 2022, and documents produced in July 2021 and February 2022. Gallagher first raised the prospect of an expert report regarding remediation during the April 5 conferral.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

| | |
|---|---|
| | Respectfully submitted, |
| DATED: April 11, 2022 | MORGAN, LEWIS & BOCKIUS LLP |
| | By: /s/ Seth M. Gerber |
| | Seth M. Gerber |

**Certificate of Service**

I hereby certify that, on April 11, 2022, the foregoing document entitled "**Defendants' Opposition to Gallagher's Administrative Motion to Continue Trial Date and Related Deadlines**" was filed via the Case Management/Electronic Case Filing (CM/ECF) system, with service to be made on all parties deemed to have consented to electronic service via the automated generation and e-mailing of a Notice of Electronic Filing (NEF) by the CM/ECF system.

Dated: April 11, 2022                                         /s/ Seth M. Gerber
                                                              Seth M. Gerber