**MORGAN, LEWIS & BOCKIUS LLP**
Debra L. Fischer, Bar No. 142516
Seth M. Gerber, Bar No. 202813
2049 Century Park East, Suite 700
Los Angeles, California 90067
Phone: +1.310.907.1000
Fax:     +1.310.907.1001
*debra.fischer@morganlewis.com*
*seth.gerber@morganlewis.com*

**MORGAN, LEWIS & BOCKIUS LLP**
Robert A. Lewis, Bar No. 83630
One Market, Spear Street Tower
San Francisco, CA  94105
Phone: +1.415.442.1353
Fax:     +1.415.442.1001
*robert.lewis@morganlewis.com*

Attorneys for Defendants and Third-Party Alliant Insurance Services, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Arthur J. Gallagher & Co.,<br><br>    Plaintiff,<br>    v.<br><br>Don Tarantino, an individual; Bernadette Heater, an individual; Michael Machette, an individual; Spencer Brush, an individual,<br><br>    Defendants. | Case No. 3:20-cv-05505 EMC<br><br>**Defendants' and Third-Party Alliant's Local Rule 79(f) Statement Re: Gallagher's Administrative Motion to Consider Whether Others' Material Should Be Sealed**<br><br>[Supporting declarations of Robert Bennetsen, Don Tarantino and Bernadette Heater concurrently filed herewith]<br><br>Ctrm:   Hon. Edward M. Chen<br><br>Complaint Filed:  August 7, 2020 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Statement Re: Gallagher's Administrative Motion
to Consider Whether Others' Material Should Be Sealed

Pursuant to Local Rule 79(f)(3), designating parties Don Tarantino, Mike Machette and third-party Alliant Insurance Services, Inc. hereby provide a statement under Local Rule 79-5(c)(1) setting forth the legal standard for filing materials under seal and providing reasons why Exhibits 9, 26,27, 36, 37, 39, 42, 47, 48, 83 and 84 to Gallagher's Opposition to Defendants' Motion for Partial Summary Judgment should be filed under seal.

## I. Compelling Reasons Exist for Sealing Exhibits 9, 27, 36, 37, 39, 42, 47, 48, 83 and 84.

For non-discovery motions, the Ninth Circuit requires a party to provide "compelling reasons" why the Court should file information under seal.[1] What constitutes a "compelling reason" is "left to the sound discretion of the trial court."[2] Accepted "compelling reasons" include protecting "business information that might harm a litigant's competitive standing,"[3] or information relating to a business's "internal review process[es]" or "sensitive information,"[4] or materials that could provide insight into a company's "strategic and financial decisions,"[5] or private information of employees or customers, including compensation information.[6] As explained in the table below,

---

[1] *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (citation omitted).

[2] *Nixon v. Warner Commnc'ns, Inc.* 435 U.S. 589, 599 (1978).

[3] *Ctr. For Auto Safety*, 809 F.3d at 1097. *See also See Nixon*, 435 U.S. at 598 ("[C]ourts have refused to permit their files to serve as … sources of business information that might harm a litigant's competitive standing … .") (internal citations omitted).

[4] *Opperman v. Path, Inc.,* No. 13-0453, 2017 WL 1036652, at *3 (N.D. Cal. Mar. 17, 2017).

[5] *Adtrader, Inc. v. Google LLC*, No. 17-7082, 2020 WL 6395528, at *2 (N.D. Cal. Feb. 11, 2020)

[6] *Opperman*, 2017 WL 1036652, at *4. *See also Edifecs, Inc. v. Welltok, Inc.*, No. 18-1086, 2020 WL 128568, at *2 (W.D. Wash. Jan. 10, 2020) (finding compelling reasons to grant motion to seal exhibits containing "employee personal information," including "details about employee compensation"); *Gomo v. NetApp, Inc.,* No. 17-2990, 2019 WL 1170775, at *3 (N.D. Cal. Mar. 13, 2019) (granting motion to seal documents relating to compensation information); *Troy v. Kehe Food Distribs., Inc.*, No. 09-0785, 2010 WL 11566229, at *1 (W.D. Wash. Sept. 23, 2010) (granting motion to seal exhibit filed in

- 1 -

"compelling reasons" exist to seal the exhibits at issue.

| Exhibit No. | Designating Party | Reasons for Sealing |
|---|---|---|
| 9, 36, 37 | Alliant | These exhibits are internal Alliant documents about terms of employment for Don Tarantino, including compensation information. Compensation information is highly private to Mr. Tarantino and he does not share his compensation with the public. The documents also include confidential financial information about Alliant, which is a privately held company and non-party to this case, including its stock value and projections about future stock value. As a privately held company, Alliant's stock value and projections regarding same are not publicly shared. Disclosure of such information about Alliant's business could injure Alliant in the marketplace if made public.[7] |
| | | Alliant and Mr. Tarantino note that Gallagher filed Exhibit 37, which was designated by Alliant as HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY, publicly in violation of in violation of the Stipulated Protective Order (Dkt 59). This document is highly sensitive, reflecting, among other things, Mr. Tarantino's proposed compensation terms and Alliant's confidential financial information, including concerning its stock values and projections. Gallagher has filed a Motion to Remove Incorrectly Filed Document to file Exhibit 37 under seal. |
| 39 | Alliant | This exhibit is an email and attachment consisting of Don Tarantino's employment agreement with Alliant. Mr. Tarantino's employment agreement reflects the terms of his compensation. Compensation information is highly private to Mr. Tarantino and he does not share his compensation with the public. |
| 27, 83, 84 | Tarantino | These exhibits are documents concerning Don Tarantino's discussions with Alliant about terms of employment, including compensation information. Compensation information is highly private to Mr. Tarantino and he does not share his compensation with |

support of class certification motion that contained "personal information about potential class members," including "names, addresses, telephone numbers, and compensation information").

[7] Bennetsen Decl. ¶¶ 2-4; Tarantino Decl. ¶¶ 2-3.

| Exhibit No. | Designating Party | Reasons for Sealing |
|---|---|---|
| | | the public. Exhibits 27 and 83 also include confidential financial information about Alliant, which is a privately held company and non-party to this case, including its stock value and projections about future stock value. As a privately held company, Alliant's stock value and projections regarding same are not publicly shared. Disclosure of such information about Alliant's business could injure Alliant in the marketplace if made public.[8] |
| 42, 47, 48 | Alliant | These exhibits are documents concerning Bernadette Heater's compensation information at Alliant, as well as her attendant taxes and benefits from Alliant. This information is highly private to Ms. Heater and she does not share it with the public.[9] |

Defendants and Alliant further respectfully submit that the passages in Gallagher's summary judgment Opposition—specified in Gallagher's Administrative Motion—that refer to these exhibits should also be filed under seal.

Respectfully submitted,

DATED: April 14, 2022          MORGAN, LEWIS & BOCKIUS LLP

By:  /s/   Seth M. Gerber
         Seth M. Gerber

---

[8] Tarantino Decl. ¶¶ 2-3; Bennetsen Decl. ¶¶ 2-4.

[9] Heater Decl. ¶¶ _; Bennetsen Decl. ¶¶ 2, 5.

## Certificate of Service

I hereby certify that, on April 14, 2022, the foregoing document entitled "**Defendants' and Third-Party Alliant's Local Rule 79(f) Statement Re: Gallagher's Administrative Motion to Consider Whether Others' Material Should Be Sealed**" was filed via the Case Management/Electronic Case Filing (CM/ECF) system, with service to be made on all parties deemed to have consented to electronic service via the automated generation and e-mailing of a Notice of Electronic Filing (NEF) by the CM/ECF system.

Dated: April 14, 2022                    /s/ Seth M. Gerber
                                          Seth M. Gerber

- 4 -

Statement in Response to Gallagher's Administrative Motion
to Consider Whether Others' Material Should Be Sealed

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES