RILEY SAFER HOLMES & CANCILA LLP
Ronald S. Safer (admitted *pro hac vice*)
Harnaik Kahlon (admitted *pro hac vice*)
Meghan R. McMeel (SBN 284841)
456 Montgomery Street, 16th Floor
San Francisco, CA 94104
Telephone:    415-275-8550
Facsimile:    415-275-8551
rsafer@rshc-law.com
nkahlon@rshc-law.com
mmcmeel@rshc-law.com

HOLLAND & KNIGHT LLP
Sarah A. Marsey (SBN 297911)
Alex Hadduck (SBN 312962)
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone:    415-743-6900
Facsimile:    415-743-6910
sarah.marsey@hklaw.com
alex.hadduck@hklaw.com

Attorneys for Plaintiff
ARTHUR J. GALLAGHER & CO.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DON TARANTINO, an individual, BERNADETTE HEATER, an individual, MICHAEL MACHETTE, an individual, and SPENCER BRUSH, an individual,<br><br>Defendants. | CASE NO.: 20-cv-05505-EMC<br><br>**PLAINTIFF ARTHUR J. GALLAGHER & CO.'S EVIDENTIARY OBJECTIONS TO DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing: April 28, 2022<br>Time:    1:30 pm<br>Ctrm:    5<br>Judge:   Judge Edward M. Chen<br><br>Complaint Filed: August 7, 2020 |

Pursuant to Local Rule 7-3(d), Plaintiff Arthur J. Gallagher & Co. ("Gallagher") hereby objects to the following evidence submitted in Defendants' Reply in support of their Motion for Partial Summary Judgment.  Gallagher has been unfairly disadvantaged by Defendants' new evidence and new arguments raised for the first time in Defendants' Reply, and Local Rule 7-3 (d) provides Gallagher an opportunity to object.

Gallagher respectfully requests that its objections this new evidence be sustained and excluded from this Court's consideration of Defendants' Motion for Partial Summary Judgment.

**I.   THE COURT SHOULD DISREGARD THE NEW EVIDENCE IN SUPPORT OF DEFENDANTS' ARGUMENT RAISED FOR THE FIRST TIME IN THEIR REPLY BRIEF**

Defendants cite to the following evidence—despite it being available to Defendants when they filed their moving papers—in support of an argument raised for the first time in their Reply; namely, that Gallagher's expiration lists are not trade secrets.[1]  This is improper.  The "district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).  Also, "arguments raised for the first time in a reply brief are waived." *Turtle Island Restoration Network v. U.S. Dep't of Com.*, 672 F.3d 1160, 1166 n.8 (9th Cir. 2012) (quoting *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010)).

**Objection 1**:  Accordingly, Gallagher objects to the following evidence raised in support of an argument for the first time in Defendants' Reply because it is irrelevant, lacks foundation, and is opinion testimony by a lay witness.  Fed. R. Evid. §§ 401, 403, 602, 701.

- Heater Dep. 104:6-23
- Heater Dep. 112:16-21
- Heater Dep. 120:10-25
- Heater Dep. 122:15-25
- Heater Dep. 134:21-135:6
- Heater Dep. 283:17-284:4
- Heater Dep. 292:15-293:20

---

[1] ECF No. 89-2 at 6-7.

Defendants had the opportunity to include this evidence (and argument) in their moving papers. They chose not to. It is improper for Defendants to now inject this new evidence—in support of a newly raised argument—into their Reply for the Court's consideration, and Gallagher would be prejudiced because it had no meaningful opportunity to address such evidence. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (moving party bears the initial burden of identifying the grounds for judgment and identifying portions of the record demonstrating the absence of disputed issues of material fact); *Acasio v. Lucy*, 2017 WL 1316537, at *10 (N.D. Cal. Apr. 10, 2017) (on summary judgment, "[n]ew evidence or analysis presented for the first time in a reply is improper and will not be considered.") (citation omitted); *Lane v. Landmark Theatre Corp.*, 2020 WL 1976420, at *28 (N.D. Cal. Apr. 24, 2020) ("Because [non-movant] ha[s] not had an opportunity to respond [to the new evidence in the Reply], the Court is unwilling to grant summary judgment in [movant's] favor"). Therefore, this Court should disregard this new evidence.

**II.    THE COURT SHOULD DISREGARD THE EVIDENCE INTRODUCED FOR THE FIRST TIME IN DEFENDANTS' REPLY BRIEF**

Defendants' Reply contains new evidence that was not included in their moving papers.

**Objection 2**: Defendants proffer the deposition testimony of Gallagher employee Shasa Barbour in support of their argument that Defendant Tarantino was unhappy while at Gallagher and complained about staffing issues at Gallagher. (Reply at 10.) Gallagher hereby objects to the following evidence because it is irrelevant, Ms. Barbour lacks foundation to testify regarding Tarantino's subjective mind, and it is the opinion of a lay person. Fed. R. Evid. §§ 402, 602, 701.

- Barbour Dep. 58:20-59:21
- Barbour Dep. 61:24-62:5
- Barbour Dep. 91:20-25

**Objection 3**: Defendants proffer the deposition testimony of Gallagher's employee Riley Binford in support of their argument that Defendant Tarantino was unhappy while at Gallagher and complained about staffing issues at Gallagher. (Reply at 10.) Gallagher hereby objects to the following evidence because it is irrelevant, Mr. Binford lacks foundation to testify regarding Tarantino's subjective mind, and it is the opinion of a lay person. Fed. R. Evid. §§ 402, 602, 701.

- Binford Dep. 34:21-24
- Binford Dep. 79:22-80:4

**Objection 4**: Defendants also proffer Mr. Binford's deposition testimony to support their argument that Tarantino did not have managerial authority at Gallagher. (Reply at 10.) Mr. Binford did not testify as Gallagher's corporate representative and his opinions are in direct contrast with that testimony. Gallagher hereby objects to the following evidence because it is irrelevant, Mr. Binford lacks foundation to testify regarding the managerial authority of Tarantino while at Gallagher, and it is the opinion of a lay person. Fed. R. Evid. §§ 402, 602, 701.

- Binford Dep. 92:9-93:15

**Objection 5**: Defendants further proffer Mr. Binford's deposition testimony to support their argument that no one was surprised that Tarantino's two sons resigned from Gallagher after Tarantino did. (Reply at 15.) Mr. Binford did not testify as Gallagher's corporate representative and his opinions are of a lay person. Gallagher hereby objects to the following evidence because it is irrelevant, Mr. Binford lacks foundation to testify regarding the impression of others, including Gallagher's, and it is the opinion of a lay person. Fed. R. Evid. §§ 402, 602, 701.

- Binford Dep. 161:7-10

**Objection 6**: Defendants proffer the deposition testimony of Alliant's employee Jay Fischer in support of their argument that Tarantino was not involved in Alliant's posting of job openings for Heater and Tarantino's two sons. (Reply at 14.) Gallagher hereby objects to the following evidence because it is irrelevant, and Defendants misstate Fischer's testimony as the following excerpts do not support Defendants' proposition that Tarantino was not involved in Alliant's posting of job openings for Heater and Tarantino's two sons. Fed. R. Evid. § 402.

- Fischer Dep. 30:12-18 (Irrelevant)
- Fischer Dep. 153:4-13 (Irrelevant; Misstates Testimony)

**Objection 7**: Defendants proffer the deposition testimony of Alliant's employee Jay Fischer in support of their claim that Brandon Quinlan told Mr. Fischer that if Tarantino came to Alliant, he believed Heater and his sons would likely want to follow. (Reply at 14.) Gallagher hereby objects to the following evidence because it is irrelevant and does not state what Defendants purport it to

say. Fed. R. Evid. § 402.  Gallagher further objects to Fischer's testimony because it is inadmissible hearsay as Fischer's testimony about what Mr. Quinlan told him is being offered for the truth of the matter asserted.  Fed. R. Evid. §§ 801-802.

- Fischer Dep. 158:14-159:1 (Hearsay)
- Fischer Dep. 159:5-18 (Irrelevant; Misstates Testimony)
- Fischer Dep. 164:19-165:18 (Hearsay)

**Objection 8**: Defendants proffer the deposition testimony of Alliant's employee Jay Fischer in support of their argument that no one from Alliant talked to Heater about a job at Alliant until after Tarantino resigned from Gallagher. (Reply at 14.)  Gallagher hereby objects to the following evidence as inadmissible hearsay as Fischer's testimony about what Mr. Quinlan told him is being offered for the truth of the matter asserted.  Fed. R. Evid. §§ 801-802.

- Fischer Dep. 34:20-35:16

**Objection 9**: Gallagher further objects to the following evidence because it is irrelevant, Mr. Fischer lacks foundation to testify about why Tarantino requested salary information for his team at Gallagher, and it is inadmissible hearsay because Fischer's testimony about what Tarantino told him is being offered to establish that Tarantino did not use his team's salary information at Gallagher for an improper purpose after Tarantino joined Alliant (*see* Reply at 13).  Fed. R. Evid. §§ 402; 801-802.

- Fischer Dep. 157:22-158:13

**Objection 10**: Defendants proffer the deposition testimony of Tarantino in support of their claim that Tarantino believed his two sons were surprised when they learned he resigned from Gallagher. (Reply at 15.)  Gallagher hereby objects to the following evidence because it is irrelevant, does not state what Defendants purport it to say, and Tarantino lacks foundation to testify about his two sons' subjective minds.  Fed. R. Evid. §§ 402, 602.

- Tarantino Dep. 31:1-32:2 (Irrelevant; Misstates Testimony)
- Tarantino Dep. 32:5-23 (Lacks Foundation)
- Tarantino Dep. 91:20-92:5 (Irrelevant)

**Objection 11**: Defendants proffer the deposition testimony of Tarantino in support of their claim that he asked for Gallagher's employees' salaries while at Gallagher because there was "turmoil on the team" and there were "complaints from staff." (Reply at 13.) Gallagher objects to the following evidence as irrelevant because Tarantino's and his staff's frustrations or unhappiness with Gallagher is not probative of finding he did not have or violate his fiduciary duties to Gallagher. Fed. R. Evid. § 402.

- Tarantino Dep. 91:8-19

**Objection 12**: Defendants proffer Tarantino's deposition testimony in support of their claim that Tarantino sent confidential client information to his personal email while at Gallagher to service those accounts on behalf of Gallagher. (Reply at 9.) Gallagher objects to the following evidence because it misstates Tarantino's testimony – Tarantino actually testified that he does not know why he sent confidential client information to his personal email. Fed. R. Evid. § 402.

- Tarantino Dep. 106:15-108:11

### III. CONCLUSION

For the foregoing reasons, this Court should sustain Gallagher's objections and exclude the above evidence from its consideration of Defendants' Motion for Partial Summary Judgment. Alternatively, should the Court consider this newly introduced evidence, Gallagher respectfully requests the opportunity to file a sur-reply to address such evidence and related arguments.

Dated: April 21, 2022

By: /s/ Meghan R. McMeel

RILEY SAFER HOLMES & CANCILA LLP
Ronald S. Safer (admitted *pro hac vice*)
Harnaik Kahlon (admitted *pro hac vice*)
Meghan R. McMeel (SBN 284841)
456 Montgomery Street, 16th Floor
San Francisco, CA 94104
Telephone:   415-275-8550
Facsimile:   415-275-8551
rsafer@rshc-law.com
nkahlon@rshc-law.com
mmcmeel@rshc-law.com

Attorneys for Plaintiff
ARTHUR J. GALLAGHER & CO.