UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., <br><br> Plaintiff, <br><br> v. <br><br> DON TARANTINO, et al., <br><br> Defendants. | Case No. 20-cv-05505-EMC (LB) <br><br> **DISCOVERY ORDER** <br> Re: ECF No. 112 |

The plaintiff Arthur J. Gallagher & Co. is an insurance broker that sued four of its former employees after they resigned and began working for a competitor, Alliant Insurance Services. Alliant was a defendant initially but the trial judge dismissed all claims against it.[1] As part of its onboarding process, Alliant hired a vendor to forensically examine the defendants' phones and emails (a process it calls remediation). The vendor it used was Blackstone Discovery, now called UnitedLex. The parties dispute whether Gallagher is entitled to certain emails that UnitedLex asserts are protected by the attorney-client privilege.[2] The court can decide the issue without oral argument. Civ. L. R. 7-1(b).

---

[1] Order – ECF No. 32 at 1, 26–27. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Disc. Letter – ECF No. 112.

ORDER – No. 20-cv-05505-EMC (LB)

First, a UnitedLex employee testified at a Rule 30(b)(6) deposition that he refreshed his recollection during a break by reading an email.[3] UnitedLex agreed to produce the email.[4] Gallagher said that this agreement "only supports Gallagher's position that none of these records are entitled to protection under any privilege."[5] It apparently has not seen the email yet. The privilege only protects legal advice from a "professional legal adviser" unless it is waived. *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009). The production of one email is not a blanket waiver.

Second, Gallagher contends that facts and communications about remediation are not privileged, citing the primary-purpose doctrine. That doctrine establishes that the privilege applies only when the primary purpose of the communication is to give legal advice (as opposed to business advice, for example). *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002). That doctrine does not obviously apply here. The lawyers at issue are at Morgan Lewis, which represents Alliant, the defendants, and (in this discovery dispute) UnitedLex. Morgan Lewis retained UnitedLex so that it could advise Alliant and the defendants about whether any personal device or email had Gallagher information. It produced the remediation reports, copies of information that was removed, and chains of custody for each device. UnitedLex's Rule 30(b)(6) witness testified about what forensic and remediation steps were performed, when they were performed, and how they were performed. It withheld only its emails to UnitedLex that reflected its legal advice to the defendants.[6] This category of information is protected by the attorney-client privilege. It is not business advice. The court can conceive of information that might not be legal advice about the actual mechanics of the remediation, but Morgan Lewis asserts that it is not asserting privilege about the facts underlying the examinations or any reports resulting from the investigation.[7]

---

[3] Amador Dep. – ECF No. 112-1 at 31 (p. 178).

[4] Disc. Letter – ECF No. 112 at 2 n.6, 4 n.8.

[5] *Id.* at 2 n.6.

[6] *Id.* at 4–5.

[7] *Id.* at 5–6.

Third, citing the undersigned's standing order applying discovery procedures to Rule 45 subpoenas to third parties such as UnitedLex, Gallagher contends that UnitedLex waived any privilege by failing to produce a privilege log when it was due, and it asserts that the log is too conclusory. The log was due on March 1, 2022, but it was produced three and a half months later.[8] The court's default is a privilege log in fourteen days, and while its order is styled as an order to parties, it generally applies the procedures to third parties. But candidly, in a complex case, parties usually negotiate around the issues. If there was an issue with the timing or sufficiency of the index, Gallagher should have raised it earlier. Also, generally non-parties should not be burdened in discovery to the same extent as litigants. *Updateme Inc. v. Axel Springer SE*, No. 17-cv-05054-SI (LB), 2018 WL 5734670, at *3 (N.D. Cal. Oct. 31, 2018) (collecting cases). Obviously there is more of a blur here: Morgan Lewis hired UnitedLex and represents the defendants, and it is a party dispute because the privilege belongs to the defendants. From that perspective, the dispute is untimely: fact discovery closed on June 30, 2022, and any dispute about the sufficiency of the privilege log was due seven days later. Civ. L. R. Rule 37-1. Also, Gallagher never raised the issue in the meet-and-confer and raised it for the first time in the August 19 version of the joint letter.

Considering the merits, the privilege log is not the best. It describes the ground for withholding as "reflecting legal advice regarding data source remediation methods and scope." Given Morgan Lewis's representation that it does not assert privilege over any facts and has withheld only privileged communications about the facts, the court denies the discovery request and accepts the representation that the descriptions are identical because "they were created in furtherance of the legal advice Morgan Lewis was providing to Defendants to ensure compliance with their contractual duties to Gallagher."[9]

**IT IS SO ORDERED.**

Dated: August 31, 2022

LAUREL BEELER
United States Magistrate Judge

---

[8] *Id.* at 3.

[9] *Id.* at 3, 6.